J-A16043-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :          PENNSYLVANIA |
| | : |
| v. | : |
| | : |
| | : |
| | : |
| ROBIN ANN SLOPPY | : |
| | : |
| Appellant | : No. 1026 WDA 2025 |

Appeal from the Judgment of Sentence Entered July 16, 2025
In the Court of Common Pleas of Beaver County Criminal Division at
No(s):  CP-04-CR-0001795-2024

BEFORE:  McLAUGHLIN, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BENDER, P.J.E.:           **FILED: August 11, 2026**

Robin Ann Sloppy appeals from the judgment of sentence imposed following her non-jury trial convictions for defiant trespass and harassment. Appellant's sole issue on appeal challenges the weight of the evidence supporting the verdict for defiant trespass.  We affirm.

Appellant and the Commonwealth's primary witness, Richard Hartle, are neighbors and have known each other for more than thirty years.  N.T., 7/16/25, at 17.  On July 21, 2024, Hartle's wife "alerted [him] to [Appellant] being in our driveway and ... carrying on[.]"  *Id.*  His wife called the police. *Id.* at 25.  While awaiting their arrival, Hartle went outside and saw Appellant approximately 80 feet away from his door and about 15 to 20 feet into his property as measured from the public road.  *Id.* at 23.   Appellant, while standing next to one of the vehicles parked in the driveway, yelled to Hartle "that [his] son shouldn't be driving." *Id.* at 29.  Hartle told Appellant to leave;

Appellant replied, "Fuck off." ***Id.*** at 28.  Hartle informed her that the police had been called, and Appellant "said that she owns the police." ***Id.*** Appellant also briefly exposed her buttocks to Hartle and shouted "woo-hoo." ***Id.*** at 30. Hartle estimated Appellant was on his property "between five and eight minutes," ***id.*** at 20, with Appellant leaving "as the police officers came down the road[.]" ***Id.*** Hartle recorded part of this interaction with his phone, and his video was played at trial. ***Id.*** at 18-19.

Officer Hunter Block of the New Sewickley Township Police Department testified that he was first on scene and arrived at 9:51 a.m. ***Id.*** at 37. Lieutenant Daniel Swab arrived shortly thereafter. ***Id.*** at 8.  Appellant told Lieutenant Swab that she entered Hartle's property "because she believed … that a gentleman ... was driving a vehicle illegally[.]" ***Id.*** at 11.  Appellant admitted to remaining on the property after being asked to leave. ***Id.*** Neither Officer Block nor Lieutenant Swab saw Appellant on Hartle's property. ***Id.*** at 40, 12.

Appellant testified and admitted that she entered Hartle's driveway. ***Id.*** at 42.  Appellant said that she intended to take a picture of a license plate, and "would have left" after obtaining it "but [Hartle] came out and … started saying stuff" and she responded in kind. ***Id.*** at 44.  Appellant admitted on cross-examination that Hartle asked her to leave and testified that she did so "when [Hartle] went [back] in the house." ***Id.*** at 50.

The trial court found Appellant guilty of both offenses and issued its finding of facts.  The trial court credited Hartle's testimony that Appellant was

approximately 20 feet into his property and that he told her to leave was credible. *Id.* at 66. The trial court determined that Appellant was told to leave at least three times but refused to do so. *Id.* at 67. During this encounter, Appellant also "expos[ed] her bare buttocks to him and exclaimed, [']woo-hoo.[']" *Id.* Appellant retreated to the public road before the police arrived. *Id.* at 67. As relevant to Appellant's appellate claim, the trial court found that, "based upon Hartle's testimony," the "encounter lasted approximately 8 to 10 minutes." *Id.*

The trial court sentenced Appellant to an aggregate period of 180 days' probation. *Id.* at 68. Appellant filed a timely notice of appeal and filed a Rule 1925(b) statement as ordered, raising two issues:

> Whether the [a]ppellant's conviction for defiant trespass should be reversed as against the weight of the evidence, where the court relied on its finding that the [appellant] remained on the property 8-9 minutes after being put on notice of trespass, where actual video evidence showed an encounter of less than one minute.
>
> Whether, even if there is evidence to support trespass, the act was so *de minimums* [sic] as to warrant a finding of not guilty.

Concise Statement, 10/10/25 (some formatting altered).

The trial court authored a comprehensive opinion addressing the sufficiency of the evidence supporting both verdicts as context for its analysis of the weight-of-the-evidence claim. *See* Trial Court Opinion (TCO), 10/15/25 at 5. Addressing Appellant's claim that the trial court erred in its factual findings, the trial court stated:

> [Appellant] argues that her conviction of defiant trespass was against the weight of the evidence because the [c]ourt found that

- 3 -

[Appellant] remained on the property for eight to nine minutes after being put on notice of trespass, but the video evidence showed an encounter of less than one minute. During trial, Mr. Hartle testified that [Appellant] remained on the property for a total of between five and eight minutes. When announcing our verdict, the [c]ourt noted that "the encounter lasted approximately eight to ten minutes, based on ... Hartle's testimony." While the [c]ourt slightly misstated Mr. Hartle's testimony, the difference is immaterial. The Commonwealth's video evidence only showed a portion of the entire encounter, as Mr. Hartle testified to, and in the video Mr. Hartle told [Appellant] to leave his property at least three times before she actually did leave. Thus, the [c]ourt finds that the verdict did not shock its conscience and was therefore not against the weight of the evidence.

*Id.* at 11.

In her brief on appeal, Appellant raises one issue for our review.

Whether ... Appellant's conviction for defiant trespass should be reversed as against the weight of the evidence, where the court relied on its finding that the defendant remained on the property for 8-9 minutes after being put on notice of trespass, where actual vidio [*sic*] evidence showed an encounter of less than one minute?

Appellant's Brief at 7.

We apply the following standard of review to denials of a weight-of-the-evidence claim.

A motion seeking a new trial based on the weight of the evidence is

addressed to the discretion of the trial court. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice. It has often been stated that a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the

- 4 -

award of a new trial is imperative so that right may be given another opportunity to prevail.

***Commonwealth v. Person***, 325 A.3d 823, 836 (Pa. Super. 2024) (citation omitted).

Moreover, we review the trial court's "exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Garcia Arce***, 352 A.3d 495, 508 (Pa. Super. 2026) (quoting ***Commonwealth v. Beatty***, 227 A.3d 1277, 1290 (Pa. Super. 2020)). Where the trial court observed the proceedings, we defer to the trial court's firsthand observations of the testimony and evidence.

> Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013).[1]

---

[1] We have observed the incongruity of having the trial court review its own factual determinations in ruling on a weight-of-the-evidence claim, because (1) during post-sentence motions a trial court "cannot re-deliberate as it is no longer the fact finder," ***Commonwealth v. Chambers***, 310 A.3d 76, 93 (Pa. 2024) (quotation marks and citation omitted), and (2) a trial judge is unlikely to find that its own decision shocked its conscience. ***See generally Commonwealth v. Banniger***, 303 A.3d 1085, 1095 (Pa. Super. 2023). Nevertheless, such claims are cognizable. ***Id.***

We find no abuse of discretion in the trial court's rejection of Appellant's weight claim. Appellant notes that there was "no evidence that [Hartle] had ever previously communicated notice of trespass to the [a]ppellant" and stresses that Hartle's testimony that Appellant "was on the property … between five and eight minutes" referenced the entire length of time Appellant was present and "not how long … she remain[ed] on the property after having been given notice of trespass." Appellant's Brief at 12. Appellant also points out that the parties stipulated that "the timeframe between … when the complaint came in and the police arrived was 9 minutes. This … seems to be what the [c]ourt relied upon in making its finding of fact that the encounter lasted eight to ten minutes." *Id.*

Appellant is correct that the trial court determined in its oral findings that the entire incident lasted 8 to 9 minutes. However, the trial court conceded in its Rule 1925(a) opinion that its oral findings misstated the length of time but that the error made no difference to its verdict. The trial court did not abuse its discretion by finding this minor discrepancy was not shocking to its conscience.

Aside from this minor point, Appellant argues that the trial court's ruling should be overturned because the record is not clear as to how long Appellant remained on scene after being told to leave and the trial court did not make any specific factual findings on that point. Along these lines, Appellant cites contradictory testimony on that issue. Hartle testified that he went back inside after he and Appellant argued and she displayed her buttocks. When the

Commonwealth asked Hartle to estimate how long she stayed after being told to leave, Hartle answered "Soon as the police officers came down the road, she walked out." N.T., 7/16/25, at 20. On cross-examination, Hartle stated that the police arrived after he went inside the second time. *Id.* at 25 ("Q. And then you go back inside, and what do you do at that point? A. Just sat down and waited for the police to arrive."). Hartle confirmed that he was not watching Appellant at that point. *Id.* ("[W]e were just sitting there watching the television[.]"). The uncertainty on this point leads Appellant to argue that, as a matter of law, a new trial should be awarded.

> What timeframe is reasonable would ultimately be a case by case issue to be determined by the trier of fact based upon the circumstances. *See Commonwealth v. Sherlock* 473 A.2d 629 (PA Super. 1984) (Failure to charge jury regarding the reasonableness of defendant's actions under the circumstances after being told to leave property was prejudicial error.) However, the [c]ourt in this case, made its decision based upon the erroneous finding of fact that the encounter between … Appellant and Mr. Hartle lasted between 8 to 10 minutes, when it actually lasting [*sic*] no longer than the length of the video recorded by Mr. Hartle. This finding is clearly against the weight of the evidence.

*Id.* at 13-14.

It is not clear that this type of argument may be raised in connection with a weight-of-the-evidence claim. "A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict." *Commonwealth v. Widmer,* 744 A.2d 745, 751 (Pa. 2000). Appellant argues that a new trial is warranted so that the trial court may precisely determine how long it took for Appellant

to leave after being told to vacate and then determine, in light of that specific factual finding, whether Appellant is guilty. This implicates the sufficiency of the evidence. Appellant did not testify that she immediately left the premises and that her testimony should be believed.[2] However, because it is clear the sole case cited by Appellant is readily distinguishable, we accept for purposes of our disposition that we may consider this type of argument.

In **Sherlock**, the appellant, Scott Sherlock, switched vehicles with his girlfriend, Susan Hogue, on the evening of June 13. **Sherlock**, 473 A.2d at 630. Hogue lived with her parents and Sherlock returned the vehicle to that location on June 14. **Id.** Sherlock "then tapped on Susan's bedroom window and requested that she come outside. Susan refused ... testif[ying] that she was afraid [Sherlock] knew she had gone out with someone else that night." **Id.** Appellant kept trying to speak with Hogue, and "testified that all he wanted was the keys to his house and car." **Id.** at 630. Hogue's father told Sherlock to leave and he initially did so; however, he returned upon realizing his vehicle was almost out of gas. **Id.** at 631. Hogue's father had apparently called the police, and officers arrived as Sherlock was on the Hogue property. **Id.** Sherlock was charged and convicted of defiant trespass. **Id.**

We ordered a new trial, citing Section 3503(c)(3), which codifies a statutory defense to defiant trespass if "the actor reasonably believed that the

---

[2] In closing argument, Appellant's counsel conceded that she did not leave as "quickly as she could possibly do it," and theorized that Appellant remained on scene an "extra twenty seconds," leading to the abandoned argument that the offense was *de minimis*. **See** N.T., 7/16/25, at 57-58.

owner of the premises, or other person empowered to license access thereto, would have licensed him to enter or remain." *Id.* at 632. We observed that the record established Sherlock and Hogue "had known each other since high school and had been dating each other for over two years at the time of this incident," and that Sherlock's "tapping on Susan's window was a common form of communication between the two. Thus, despite the fact that Mr. Hogue told [Sherlock] to leave, [Sherlock] could have reasonably believed that he was licensed to return to the property to ask Susan for gas money or his other set of keys." *Id.* The trial court had refused to specifically instruct the jury on this defense on the grounds that issue was encompassed by other instructions. We held that the error was prejudicial and ordered a new trial.

Despite Appellant's limited argument to the contrary, *Sherlock* does not establish that Appellant was entitled to some "reasonable" period of time to defy Hartle's valid order to leave his premises. *Sherlock* dealt with a specific statutory defense to the charge, that he reasonably believed that the owner of the property would have permitted him to remain had he been aware of the situation, which was established in the record. Here, Appellant offered no such defense, and the record includes no facts to support this claim. Again, accepting *arguendo* that this type of argument is reviewable in a weight claim, we note that the statute does not indicate whether the defense is one that must be proven by the accused or whether the Commonwealth must disprove it beyond a reasonable doubt. However, the Commonwealth "bears the burden of proving that the accused was not licensed or privileged to enter the

structure." ***Commonwealth v. Knight***, 419 A.2d 492, 500 (Pa. Super. 1980). Modifying that principle to account for the facts of this offense, the Commonwealth bore the burden to prove that Appellant was not authorized to remain on the premises. The trial court credited Hartle's testimony that Appellant was told to leave at least three times. Unlike ***Sherlock***, this case does not involve any disputed factual questions surrounding a reasonable belief that Appellant was entitled to stay on Hartle's property. Accordingly, the weight of the evidence supported the verdict, and the trial court did not abuse its discretion in declining to award a new trial to relitigate facts irrelevant to her guilt.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

8/11/2026